Terefe **HAILU**, Petitioner,

v.

John **ASHCROFT**, Attorney General, Respondent.

No. 02–74195.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 26, 2004.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*     Fed. R.App. P. 34(a)(2).

Terefe Hailu, Glendale, CA, pro se.

Regional Counsel, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Le-Fevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Barry J. Pettinato, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: O'SCANNLAIN, RYMER and BEA, Circuit Judges.

### MEMORANDUM **

Terefe Hailu, a native and citizen of Ethiopia, petitions *pro se* for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal and relief under the Convention Against Torture (the "Convention"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

■ Hailu contends that the IJ erred by not giving sufficient weight to the documentary evidence Hailu submitted. However, a review of the record shows that the IJ properly provided "specific, cogent reason[s]" for assigning limited weight to Hailu's documentary evidence, and that these reasons "bear a legitimate nexus" to that assignment. *See Zahedi v. INS*, 222 F.3d 1157, 1165 (9th Cir.2000). Moreover, substantial evidence supports the IJ's conclusion that Hailu failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias*, 502 U.S. 478, 483, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992); *Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir.2003).

■ Because Hailu failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir.2000).

■ Substantial evidence also supports the IJ's conclusion that Hailu is not entitled to relief under the Convention because he failed to demonstrate that it is more likely than not that he will be tortured if returned to Ethiopia. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

Finally, Hailu's contention that the BIA's summary affirmance of the IJ's order violates due process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 850–51 (9th Cir.2003).

Pursuant to *Desta v. Ashcroft*, No. 03–70477, 2004 WL 785076 (9th Cir. Apr.14, 2004), Hailu's motion for stay of removal included a timely request for stay of voluntary departure. Because the stay of removal was continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc*, to the filing of the motion for stay of removal and this stay will expire upon issuance of the mandate.

**PETITION DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.